# RUSSO, KEANE & TONER, LLP
## ATTORNEYS AT LAW
26 BROADWAY
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002
WWW.RKTLAW.COM

THOMAS F. KEANE
ALAN RUSSO
STEPHEN B. TONER
FERN FLOMENHAFT ‡
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
‡ALSO ADMITTED IN CONNECTICUT
•ALSO ADMITTED IN MASSACHUSETTS
¤ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
^ ALSO ADMITTED IN GEORGIA

JOHN J. KOMAR
THERESA VILLANI
DENISE M. BUSH *
BRENDA R. HALL
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY *
CHARLENE C. KOW ¤
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
B. BARRINGTON PINK ^
MATTHEW P. MAZZOLA
LEE-DAVID WEINER
TINA ALTINEL-PROFITA
JOHN A. CORRING

July 2, 2008

Magistrate Judge Ramon E. Reyes, Jr.
United States Court House
225 Cadman Plaza East, rm 263
Brooklyn, New York 11201

Re: Testa v. Hartford Life Insurance Company, and Marsh & McLennan
Rkt file no.: 836.008
Civil Action No.: 08 CV 816

Dear Judge Reyes,

My office represents Hartford Life("Hartford") in the above referenced matter. As per the Court's Order, this letter clearly sets forth Hartford's position regarding the standard of review the Court should apply to the above referenced matter.

It is clear that the appropriate standard of review is the deferential arbitrary and capricious standard. Under ERISA, a challenge of benefits is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956 - 957 (1989). According to the Basic Long Term Disability Plan Administration Description for eligible employees of Marsh & McLennan Companies, Inc.("Marsh"), "the Claims Administrator and any reviewing committee have full discretion and authority to determine all claims under the plan. Any action or determination in this review procedure will be final, conclusive, and binding on the Claims and Plan Administrators, the Company, the plan participant..." The Hartford was designated by Marsh as the claim administrator under the Plan. The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. Consequently, its decision regarding Plaintiff's claim for benefits is subject to an arbitrary and capricious standard of review.

Under the arbitrary and capricious standard of review, the Court "may overturn a plan administrator's decision to deny benefits only if it was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Celardo v. GNY Auto. Dealers Health & Welfare Trust*, 318 F.3d 142, 146 (2d Cir. 2003) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)). "Substantial evidence is 'such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [administrator and] ... requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d. Cir. 1995)). Therefore, the scope of review is narrow and "highly deferential to a plan administrator," and "the court may not upset a reasonable interpretation by the administrator." *Jordan v. Ret. Comm. Of Rensselaer Polytechnic Inst.*, 46 F.3d 1246, 1271(2d Cir. 1995)); *See also Celardo v. GNY Auto. Dealers Health & Welfare Trust*, 381 F.3d. 142, 145 - 146.(2d Cir. 2003).

In assessing whether the decision of the administrator was reasonable, the court "may not consider extrinsic matters but must remain within the bounds of the administrative record considered by the plan's decision-maker."*Miller*, 72 F.3d at 1071. "Because district courts are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the [administrator's] decision was arbitrary and capricious, it must remand to the [administrator] with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality.'" *Miller*, 72 F.3d at 1071.

Very truly yours,

Russo, Keane & Toner, LLP

_____
Kevin G. Horbatiuk

cc: Via Regular Mail
FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue - Suite 312
Garden City, New York 11530
Att: Justin C. Frankel, Esq.

KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
Attorneys for Defendant
Marsh & McLennan Companies, Inc.
1177 Avenue of the Americas
New York, New York 10036
Att: Natan M. Hamerman, Esq.