# RUSSO, KEANE & TONER, LLP
ATTORNEYS AT LAW
33 WHITEHALL STREET
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002
WWW.RKTLAW.COM

THOMAS F. KEANE
ALAN RUSSO *
STEPHEN B. TONER ‡•
FERN FLOMENHAFT ‡
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
‡ALSO ADMITTED IN CONNECTICUT
•ALSO ADMITTED IN MASSACHUSETTS

JOHN J. KOMAR
THERESA VILLANI
DENISE M. BUSH *
BRENDA R. HALL
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY *
MARIE A. CASTRONUOVO
MATTHEW P. MAZZOLA
LEE-DAVID WEINER
TINA ALTINEL PROFITA
JOHN A. CORRING
GAVIN G. REYNOLDS
H. DEVRIM ELCI *

July 2, 2009

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Testa vs Hartford Life Insurance Company et al.
Civil Action Number: 08-CV-00816 (FB) (RER)
RKT File Number: 836.008

Dear Magistrate Judge Reyes:

    My office represents Hartford Life("Hartford") in the above referenced matter. This letter is submitted in support of the Hartford's application for a protective order regarding the areas of inquiry contained in Plaintiff's counsel Notice for Deposition pursuant to Rule 30 (b) (6) dated October 23, 2009 and a supplementary Notice contained in a letter dated May 28, 2009 , copies of which are annexed hereto as Exhibit "A" . In an effort to resolve these issues I sent a letter dated July 1, 2009 to Plaintiff's counsel. On that date I spoke with Jason Newfield, Esq. about the objections which I raised. We conferred again on July 2, 2009 and Mr Newfield indicated that he agreed to withdraw Paragraphs 1, 5, 14. of the Notice dated October 23, 2009. In light of the fact that all discovery is to be completed by July 31, 2009 I am submitting this application regarding the remaining items.

    The Hartford has already agreed to produce Joye Kelly, the Appeal Specialist employed by the Hartford who issued the Final Adverse Benefit determination for deposition . She is a witness with knowledge who can testify specifically about the manner in which Ms Testa's claim for long term disability benefits was handled. We are currently working with Plaintiff's counsel to arrange convenient dates for Ms. Kelly's deposition. On page Sixty Three of the Transcript of the Discovery Conference held on January 16, 2009, this Court indicated that after we complete the documentary

exchanges ordered, we are to review the Rule 30 (b) (6) areas of inquiry which Plaintiff's Counsel served, compare them to the rulings made on that date and, if necessary, draft a letter embodying any objections. I have reviewed the Notice of Deposition and plaintiff's counsel's letter dated May 28, 2009 which contained additional proposed areas of inquiry. This letter contains the objections the Hartford is raising based on the prior rulings of this Court dated August 13, 2008, January 16, 2009, March 23, 2009, and May 18, 2009 and the fact that it has agreed to produce Joye Kelly:

OBJECTIONS BASED ON NOTICE OF DEPOSITION

**Para 2. Knowledge of HARTFORD's procedural administration of Plaintiff's claim for benefits, and subsequent termination of disability income benefits by HARTFORD, including the receipt and evaluation or records, whether medical, pharmaceutical, financial, vocational, factual, or legal.**

Defendant HARTFORD Life objects on the grounds that it has already agreed to produce Joye M. Kelly to testify about the Claim Process.

**Para 3. Knowledge of HARTFORD'S agreements, including the terms, meaning and/or impact, whether oral or written, by and between HARTFORD and any third party involved in any manner with the administration of Plaintiff's claim for benefits, including but not limited to compensation to any third party for its role in administering or processing the claim in this case.**

Defendant HARTFORD Life objects on the grounds that it has already produced true copies of the agreements between HARTFORD and RRS and MES. Furthermore true copies of the invoices reflecting the fees paid RRS and MES for the specific services they rendered regarding Plaintiff's claim are in the Claim File, a copy of which was served upon Plaintiff's counsel. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties.

**Para 4. Knowledge of statistics or data regarding claims paid, denied, and profitability of HARTFORD for the group long term disability benefits from the period 2002 to present.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence since the Long Term Disability Plan pursuant to which Plaintiff seeks benefits is self funded by MARSH and as such information regarding the "profitability of HARTFORD" is irrelevant. Defendant HARTFORD has already provided the statistics which it was required to compile as per the rulings of this Court on January 16, 2009.

**Para 6. Knowledge of statistics or data regarding the number of group long term disability claims handled by the HARTFORD and/or any affiliated Third Party Administrator, and the percentage of claims paid, denied or terminated for the period 2002 to the present**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence. Defendant HARTFORD already provided the statistics which it was required to compile as per the Order of this Court on January 16, 2009.

**Para 7. Knowledge of any employment contracts between Doctors utilized for purposes of reviewing Plaintiff's claim on behalf of HARTFORD or any Third Party Administrator, whether HARTFORD or any Third Party Administrator, whether HARTFORD engaged the Doctors directly or through a Third Party.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. Defendant Hartford has already provided true copies of the Agreements it has with RRS and MES. Defendant HARTFORD does not have any contracts with the individual physicians who actually conducted the Peer Reviews relevant to Plaintiff's claim for Long Term Disability benefits.

**Para 8. Knowledge of compensation which has any bearing on performance incentives by either the HARTFORD or any Third Party Administrator.**

Defendant HARTFORD has already submitted copies of the documentation it maintained regarding compensation for an in camera inspection as per the rulings of this Court on January 16, 2009. Furthermore in an Order dated March 23, 2009 this Court indicated that it was unable to ascertain the existence of an apparent conflict.

**Para 9. Knowledge of agreements and communications relating to agreements between HARTFORD and/or Third Party Administrator that were involved in any manner with the administration or processing of plaintiff's claim.**

Defendant HARTFORD objects on the grounds that it is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. Defendant HARTFORD Life objects on the grounds that it has already produced true copies of the agreements between HARTFORD and RRS and MES.

**Para 10. Knowledge of HARTFORD'S procedures and guidelines in connection with the processing, assessing, approving and denying of group disability claims for the time period 2002 to the present.**

Defendant HARTFORD objects on the grounds that it has already agreed to produce Joye M. Kelly to testify about the Claim Process in Plaintiff's case. Furthermore pursuant to the Rulings of this Court on January 16, 2009 the Defendant Hartford has provided the Table of Contents and subsequently requested sections of its Policies and Procedures Manual.

**Para 11. Knowledge of the procedures employed by HARTFORD to ensure that claim beneficiaries such as Plaintiff receive a full and fair review of their claims for disability benefits.**

Defendant HARTFORD objects on the grounds that it has already agreed to produce Joye M. Kelly to testify about the Claim Process in Plaintiff's case.

**Para 12. Knowledge of the procedures employed by HARTFORD to ensure that claim beneficiaries are not subjected to procedural irregularities in the handling of their claim for disability benefits.**

Defendant HARTFORD objects on the grounds that it has already agreed to produce Joye M. Kelly to testify about the Claim Process in Plaintiff's case.

**Para 13. Knowledge of HARTFORD'S compliance with 29 C.F.R. Sect. 2560.503-1 with respect to plaintiff's claim.**

Defendant HARTFORD objects on the grounds that it has already agreed to produce Joye M. Kelly to testify about the Claim Process in Plaintiff's case.

**Para 15. Knowledge of the exact information considered in rendering the claim determination of plaintiff's claim.**

Defendant HARTFORD Life objects on the grounds that it has already agreed to produce Joye M. Kelly who will be able to testify about the exact information considered in rendering the claim determination of plaintiff's claim.

**Para16. Knowledge of the completeness, accuracy and content of the claim file.**

Defendant HARTFORD Life objects on the grounds that it has already agreed to produce Joye M. Kelly who will be able to testify about the completeness, accuracy and content of the claim file.

**Para 17. Knowledge of the relationship between CNA Insurance and HARTFORD.**

Defendant Hartford objects on the grounds that it is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties.

**Para 18. Knowledge of the relationship between Hartford and CNA and/or MARSH & MCLENNAN COMPANIES, INC.**

Defendant Hartford objects on the grounds that it is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties.

OBJECTIONS TO AREAS OF INQUIRY CONTAINED IN PLAINTIFF'S COUNSEL'S LETTER DATED MAY 18 2009[1]

**1. Knowledge of the procedures employed by HARTFORD in conducting MES Credential Audits and the frequency with which these audits are conducted.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court in its Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. MES was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding credentialing audits conducted in April of 2008, the MES Credentialing Worksheet, Quality Management Committee Minutes Furthermore in a ruling dated May 18, 2009 this Court already sustained objections raised by counsel for MES to Plaintiff's counsel's request for a deposition of MES.

---

[1] Plaintiff's counsel served the letter containing these additional areas of inquiry on the same day that this Court issued Rulings which severely curtailed the Third Party Discovery which Plaintiff's Counsel sought against MES, RRS and their individual physicians. This Court specifically denied Plaintiff's Counsel's request for depositions by these entities and individuals.

**2. Knowledge of the procedures employed by HARTFORD in conducting RRS Credential Audits and the frequency with which these audits are conducted .**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. RRS was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding the RRS Credential Audits conducted in 2007. Furthermore in a ruling dated May 18, 2009 this Court already sustained objections raised by counsel for RRS to Plaintiff's counsel's request for a deposition of RRS.

**3. Knowledge of the data considered, documentation reviewed, and/or any analysis performed by HARTFORD during MES Credential Audits.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. MES was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding credentialing audits conducted in April of 2008, the MES Credentialing Worksheet, Quality Management Committee Minutes Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for MES to Plaintiff's counsel's request for a deposition of MES.

**4. Knowledge of the data considered, documentation reviewed, and/or any analysis performed by HARTFORD during RRS Credential Audits.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. RRS was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding the RRS Credential Audits conducted in 2007. Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for RRS to Plaintiff's counsel's request for a deposition of RRS.

**5. Knowledge of the findings and results from all MES Credential Audits conducted by HARTFORD from 2003 through 2008.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. MES was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding credentialing audits conducted in April of 2008, the MES Credentialing Worksheet, Quality Management Committee Minutes Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for MES to Plaintiff's counsel's request for a deposition of MES.

## 6. Knowledge of the findings and results from all RRS Credential Audits conducted by HARTFORD from 2003 through 2008.

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. RRS was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding the RRS Credential Audits conducted in 2007. Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for RRS to Plaintiff's counsel's request for a deposition of RRS.

## 7. Knowledge of the follow-up procedures employed by HARTFORD with regard to any problem or issues identified during MES Credential Audits conducted from 2003 through 2008.

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. MES was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding credentialing audits conducted in April of 2008, the MES Credentialing Worksheet, Quality Management Committee Minutes Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for MES to Plaintiff's Counsel's request for a deposition of MES.

**RUSSO, KEANE & TONER**

**8. Knowledge of the follow-up procedures employed by HARTFORD with regard to any problem or issues identified during RRS Credential Audits conducted from 2003 through 2008.**

Defendant HARTFORD Life objects on the grounds that this area of inquiry is overly broad and burdensome. It is not reasonably calculated to lead to admissible evidence and is beyond the scope of discovery permitted by this Court's Order dated August 13, 2008 which limited discovery to the adequacy of the administrative record and "dual role" or other conflict. The permissible conflict inquiry does not concern or involve potential conflicts of extraneous third parties. RRS was not vested with authority to terminate Plaintiff's benefits. The Defendant HARTFORD has already produced documentation regarding the RRS Credential Audits conducted in 2007. Furthermore in its ruling dated May 18, 2009 this Court sustained objections raised by counsel for RRS to Plaintiff's request for a deposition of RRS.

Based on the forgoing it is respectfully requested that this Court issue an Order sustaining the aforementioned objections.

Very truly yours,<br>
RUSSO, KEANE & TONER, LLP<br><br>
*Kevin G. Horbatiuk* (signature)<br>
Kevin G. Horbatiuk

cc:
Frankel & Newfield, P.C.
585 Stewart Avenue
Suite 312
Garden City, NY 11530
Att: Justin C. Frankel, Esq

Natan M. Hamerman, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036

8