

# FRANKEL & NEWFIELD, P.C.

ATTORNEYS AT LAW

Justin C. Frankel*
Jason A. Newfield*

*Admitted in NY, CT and PA

December 2, 2009

585 Stewart Avenue
Suite 312
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East, Room 263
Brooklyn, New York 11201

Re:     Testa v. Hartford Life Ins. Co. and Marsh & McLennan Companies, Inc.
        U.S. D. Ct., E.D.N.Y. 08 CV 816 (FB) (RER)

Dear Judge Reyes:

We represent Plaintiff in the above matter. This letter is respectfully submitted in support of a renewed request to conduct a deposition of a third party, Reliable Review Services ("RRS"), as well as Dr. Michael Farber, who authored a report for Defendant Hartford that is the subject of this request.

By way of background, Plaintiff had served subpoenas upon both Dr. Farber and RRS and Your Honor was involved in deciding motions to compel and motions for protective order. Your Honor ultimately granted a protective order which denied Plaintiff's requests to take depositions, but ordered the production of numerous categories of documents.

Documents that have been produced in litigation, both by Defendant Hartford and by third party RRS demonstrate that a fraud has been committed, and thus, Plaintiff is renewing its request to conduct the depositions of both Dr. Farber and RRS, so that we can develop further evidence to address the fraudulent conduct at issue.[1]

The fraudulent conduct relates to the peer review report which was generated by RRS and/or Dr. Farber. In litigation, Defendant Hartford produced a report to Plaintiff, purportedly dated May 8, 2007 and Bates Hartford 0588-0594. (Exhibit "A"). This report consisted of both a report from Dr. Peter Mosbach and Dr. Michael Farber. In response to our subpoena upon RRS, RRS produced a report, Bates RRS 0009-0013 (Exhibit "B")[2], which differs from the Hartford produced report in a material way.

---

[1]     The circumstances herein may largely parallel those in *Hall v. MLS Nat'l Med. Evaluations, Inc.*, 2008 U.S. Dist. LEXIS 28756 (E.D. Ky. 2008).

[2]     Third Party RRS has agreed that the Confidential Designation of documents RRS 0009-0013 has been removed.


FRANKEL & NEWFIELD, P.C.

Page 2
December 2, 2009
Honorable Ramon E. Reyes, Jr.

Specifically, the RRS produced report from Dr. Farber contained the following statement in two (2) places within the report (within the Section for Questions and Reviewer's Response and Assessment/Rationale):

> *Perhaps an IME would prove useful in obtaining more specific objective functional data.*

Accordingly, it appears as if Dr. Farber believed that an IME would prove useful in obtaining objective functional data that would assist Defendant Hartford in evaluating Plaintiff's claim. However, that material recommendation was not included in the document which RRS subsequently transmitted to Defendant Hartford, as Defendant Hartford produced a different document (Exhibit "A"), which did not contain this material. We learned at the deposition of Defendant Hartford's witness, Joye Kelly, that Defendant Hartford did not have that document (the original Farber report) in its possession during the claim process. *See* Exhibit "C", relevant deposition testimony of Joye Kelly, pages 69-70.

Thus, further scrutiny of this issue is extremely important, in order to ascertain the circumstances in which RRS altered Dr. Farber's report. Such conduct might support a claim against RRS, whether for tortious or intentional interference with contract, potential state law claims, perhaps for criminal conduct, such as mail fraud (depending upon the circumstances in which the documents were transmitted), or even RICO. The deposition of Dr. Farber is necessary as well, to document that Dr. Farber rendered the opinion delineated above, which was later redacted and not contained in the report submitted to Defendant Hartford by RRS.

As we shared with Your Honor in connection with the prior motions, it is clear that RRS derives substantial revenues from Defendant Hartford. Specifically, information obtained in <u>Taylor v. Hartford Life</u> (S.D.N.Y 08-CV-8145) revealed that RRS earned revenues of $ 278, 954 in 2005 based upon 377 reviews; $ 1,157,624 in 2006 based upon 1129 reviews; $ 2,038,971 in 2007 based upon 1517 reviews (including Plaintiff's); and $ 1,690,002 in 2008 based upon 1243 reviews. Such extraordinary revenues derived from its vendor relationship with Defendant Hartford might explain why it would engage in fraudulent conduct on behalf of Defendant Hartford, but does not obviate the need to secure sworn testimony regarding the factual circumstances.

Thank you for your consideration of this submission.

Respectfully Submitted,

FRANKEL & NEWFIELD, P.C.

By:  _____
Jason Newfield (JN5529)

JAN/bms
Enclosures (Exhibits "A" through "C")
cc:   Michael Goettig, Esq. (Counsel for RRS, Dr. Mosbach, Dr. Farber)
      Kevin G. Horbatiuk, Esq. & Natan Hamerman, Esq.