

11-974-cv
*Testa v. Hartford Life Ins.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

---

JOSEPHINE TESTA,

   *Plaintiff-Appellant*,

   v.                            11-974-cv

HARTFORD LIFE INSURANCE COMPANY

   *Defendant-Appellee,*

MARSH & McLENNAN COMPANIES, INC.,

   *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:   JASON NEWFIELD (Justin C. Frankel, *on the brief*), Frankel & Newfield, P.C., Garden City, NY.

FOR DEFENDANT-APPELLEE    MICHAEL H. BERNSTEIN (Matthew P.
HARTFORD LIFE             Mazzola, *on the brief*),
INSURANCE COMPANY:        Sedgwick LLP, New York, NY.

MANDATE ISSUED ON 06/07/2012

| | |
|---|---|
| FOR DEFENDANT-APPELLEE MARSH & McLENNAN COMPANIES, INC.: | MICHAEL J. DELL (Natan M. Hamerman, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, NY. |

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

Plaintiff-Appellant Josphine Testa ("Testa") appeals from the March 1, 2011 Memorandum and Order of the United States District Court for the Eastern District of New York (Block, *J.*), granting summary judgment to the defendants-appellees and dismissing Testa's claims pursuant to the Employee Retirement Income Security Act ("ERISA").  Testa is a member of employer-provided health care plans (the "Plans") governed by ERISA and administered by Defendant-Appellee Hartford Life Insurance Company ("Hartford"), which denied Testa's claim for long-term disability benefits in 2008.  On appeal, Testa argues that Hartford's decision was not supported by substantial evidence and Hartford failed to provide her a full and fair review of her claim as required by ERISA.

In an ERISA action, we review a district court's grant of summary judgment *de novo* and apply the same legal standard as the district court. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "[W]here, as here, written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009) (citation and internal quotation marks omitted). Under the arbitrary and capricious standard, a decision to deny benefits will be overturned only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999) (citation and internal quotation marks omitted).

Hartford's decision to terminate Testa's disability benefits was reasonable and supported by substantial evidence. Hartford relied on the opinions of three independent physicians and one independent psychologist, all of whom reviewed Testa's medical record and independently determined that there was insufficient evidence to support a finding of total disability. Specifically, as all doctors

found—and the record on appeal demonstrates—virtually all of Testa's symptoms were self-reported and supported by little, if any, objectively verifiable evidence. Moreover, that Hartford chose to credit its own doctors over Testa's treating physicians is not, in and of itself, grounds for reversing the determination. "Nothing in the Act . . . suggests that plan administrators must accord special deference to the opinions of treating physicians," *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003), and "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation," *id.* at 834.

Testa also contends that several procedural irregularities evidence that Hartford failed to provide a "full and fair review" of her claim as required by ERISA. *See* 29 U.S.C. § 1133(2). None of these claims has merit. First, contrary to Testa's contention otherwise, following the initial denial of long-term disability benefits, Hartford provided Testa with "adequate notice in writing . . . setting forth the specific reasons for such denial,

written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). To satisfy the ERISA notice requirement, regulations provide that the administrator must furnish the claimant with: "[t]he specific reason or reasons for the adverse determination"; "[r]eference to the specific plan provisions on which the determination is based"; "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary"; and "[a] description of the plan's review procedures and the time limits applicable to such procedures." 29 C.F.R. § 2560.503-1(g). Substantial compliance with the regulations is all that is needed to constitute "adequate notice" under ERISA. *See Hobson*, 574 F.3d at 87.

Here, Hartford's three-page letter, dated May 15, 2007, notifying Testa of the denial of her long-term disability benefits claim substantially complied with the ERISA notice requirements. The letter made specific reference to the definition of "Total Disability" on which the denial was based and provided information as to how to appeal the denial of benefits. The letter also explained that Testa's claim was denied because "the information provided did not

support any restrictions/limitations from a mental/nervous condition" and "there was no data to support any long-term cognitive or motor dysfunction due to migraine headaches or any inability to sit and perform most fine motor and fingering activities."

Second, Testa contends that Hartford improperly required objective evidence of her medical conditions; she notes that the Plans do not require objective proof to approve a claim. An administrator may require objective medical support, even when the requirement "is not expressly set out in the plan," so long as the claimant was so notified. *Hobson*, 574 F.3d at 88. In Hartford's denial letter, it informed Testa that "there was no data to support any long-term cognitive or motor dysfunction due to migraine headaches or any inability to sit and perform most fine motor and fingering activities." In light of this notification, Hartford acted within its discretion in requiring some objective evidence that Testa was totally disabled.

Third, Testa's claim that Hartford failed to retain "appropriately qualified medical personnel" is unavailing. ERISA regulations provide that the plan administrator must retain physicians who have "appropriate training and

6

experience in the field of medicine involved in the medical judgment." 29 CFR § 2560.503-1(h)(3)(iii). Hartford's choice of independent physicians clearly satisfies this provision. Each independent consultant was licensed and/or board certified in the requisite field of medicine applicable to Testa's diagnosis.

Fourth, Testa's argument that Hartford failed to consider all of the evidence is meritless. In its initial decision, and at each stage of appeal, Hartford set forth an exhaustive list of the evidence it had considered, and it also offered Testa multiple opportunities to support her claim with additional objective evidence.

Fifth, we reject Testa's contention that the district court should have considered materials outside the administrative record. A district court reviewing a denial of disability benefits under ERISA is generally limited to the materials in the administrative record. *See, e.g.*, *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). In any event, Testa's contention that the extra-record material demonstrates, *inter alia*, that Hartford has a "pervasive culture of claim bias" is purely speculative and thus there was no need for the district court to consider it.

Finally, there is no merit to Testa's contention that Hartford failed to properly consider her disability award from the Social Security Administration ("SSA"). While SSA awards may be considered when determining whether a claimant is disabled, a plan administrator is not bound by the award and is not required to accord that determination any "special deference." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2010). In its final denial letter to Testa, Hartford noted that it considered the SSA award but was not bound by it. Although Hartford did not explain why it did not credit the SSA award, it was not required to do so, "especially in light of the substantial evidence supporting its determination." *Hobson*, 574 F.3d at 92.

We have considered all of Testa's remaining arguments and, after a thorough review of the record, find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit